# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CRITTENDEN, | CASE NO. CV F 09-0950 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 15.) |
| HOMEQ SERVICING, et al, | |
| Defendants. | |

## INTRODUCTION

Defendants[1] seek to dismiss as barred legally and by limitations periods plaintiff Rodney Crittenden's ("Mr. Crittenden's") federal and California statutory claims arising from his defaulted loan for purchase of his Kern County residence ("property"). Mr. Crittenden filed no opposition papers. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion on the record without a hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES this action against defendants.

---

[1] Defendants are Barclays Capital Real Estate Inc., dba HomEq Servicing ("HomEq"), Barclays Bank, PLC ("Barclays Bank"), and EquiFirst Corporation ("EquiFirst"). HomEq, Barclays Bank and EquiFirst will be referred to collectively as "defendants."

1

**BACKGROUND**

**Mr. Crittenden's Loan And Default**

On March 27, 2007, Mr. Crittenden entered into a mortgage loan transaction whereby Mr. Crittenden borrowed $237,500 from EquiFirst. The loan was secured by a deed of trust ("DOT") on the property. The DOT was recorded[2] on April 4, 2007 and identifies EquiFirst as the lender. A grant deed recorded April 4, 2007 granted Mr. Crittenden his interest in the property.

Mr. Crittenden is unable to pay his loan to result in default. Non-judicial foreclosure has proceeded against the property.

**Mr. Crittenden's Claims**

On April 17, 2009, Mr. Crittenden filed his original complaint in Kern County Superior Court prior to defendants' removal to this Court. Mr. Crittenden proceeds on his operative Verified First Amended Complaint for Damages ("FAC") to allege federal and California statutory violations arising from failure to provide loan disclosures. The FAC alleges that Mr. Crittenden "was induced into this Transaction without the proper opportunity to evaluate the costs and implications thereof, and in a form and manner required by applicable statute and regulation." The FAC further alleges that HomEq "ratified this transaction with an improper, ineffective, and unlawful omission of material disclosures" and "has attempted to collect a purported debt." The FAC alleges four claims, which this Court will address below, and seeks rescission of Mr. Crittenden's loan, statutory damages, attorney fees, and an injunction from instituting a "proceeding" on the property.

**DISCUSSION**

**F.R.Civ.P. 12(b)(6) Standards**

Defendants attack Mr. Crittenden's claims as barred legally and by limitations periods and as lacking sufficient allegations.

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua

---

[2] All documents pertaining to Mr. Crittenden's property acquisition, loan and default were recorded in the Kern County Official Records.

sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629,

634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Citation omitted.)

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a


Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3]  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  A court properly may "'take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).  As such, this Court may consider plaintiffs' pertinent loan and property documents.

## DISCUSSION

### TILA Rescission

The FAC's first claim seeks rescission of Mr. Crittenden's loan under the Truth and Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing Regulation Z ("Reg. Z"), 12 C.F.R. §§ 226, et seq.  The TILA rescission claim names only Barclays Bank as a defendant and alleges that due to "defendants'" failure "to provide accurate material disclosures correctly," Mr. Crittenden "is entitled to and have exercised his right of rescission" of his loan.

Defendants argue that Mr. Crittenden's purchase money mortgage loan is exempt from TILA rescission.

A "residential mortgage transaction" is exempt from TILA rescission.  15 U.S.C. § 1635(e)(1). A "residential mortgage transaction" is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).

---

[3] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

Defendants correctly note that courts exempt from TILA rescission purchase money mortgages in which the borrower acquires his principal residence. There is no statutory right of rescission "where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside." *Betancourt v. Countrywide Home Loan, Inc.*, 344 F.Supp.2d 1253, 1261 (D. Colo. 2004); *see Watts v. Decision One Mortgage Co., LLC.*, 2009 WL 648669, *4 (S.D. Cal. 2009) (dismissing with prejudice TILA rescission claim in that "while home equity loans and refinancing transactions would be amenable to rescission, Plaintiff's purchase money mortgage is not"); *Karma v. Columbia Home Loans, LLC*, __ F.Supp.2d __, 2009 WL 2230733, *3 (E.D. Pa. 2009) ("Here, it is undisputed that the loan was obtained to finance the acquisition of the plaintiff's dwelling. Rescission therefore is not available for the loan at issue. This claim is dismissed."); *Wellman v. First Franklin Home Loan Services*, 2009 WL 243961, *2 (S.D. Cal. 2009) ("'residential mortgage transactions' such as Plaintiff's purchase money mortgage, are expressly excluded from coverage"); *Manown v. Cal-Western Reconveyance Corp.*, 2009 WL 2406335, *5 (S.D. Cal. 2009) ("Plaintiffs are not entitled to seek rescission for their purchase money mortgage.")

Defendants are correct that "the purchase money mortgage transaction at issue here is not subject to TILA's rescission remedy." The FAC clearly alleges that the loan was to purchase Mr. Crittenden's "*principal dwelling*." (Italics in FAC.) The FAC further alleges that Mr. Crittenden created the deed of trust as part of the "mortgage loan transaction." The grant deed recorded on April 4, 2007 conveyed the property to Mr. Crittenden. The DOT, also recorded on April 4, 2007, identifies Mr. Crittenden as borrower/mortgagor and EquiFirst as lender/mortgagee. The grant deed and DOT demonstrate that they are part of a purchase money transaction in which the DOT permitted Mr. Crittenden to acquire the property. Mr. Crittenden's loan transaction is residential mortgage transaction exempt from TILA rescission. The TILA rescission claim fails as a matter of law.

**TILA Damages – Limitations Period**

The FAC's second claim appears to seek TILA damages for alleged failure to make TILA loan disclosures. The TILA damages claim names only Barclays Bank as a defendant.

Defendants contend that the TILA damages claim is barred by the applicable one-year limitations period.

6

A TILA damages claims is subject to 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." "TILA requires that any claim based on an alleged failure to make material disclosures be brought within one year from the date of the occurrence of the violation." *Hallas v. Ameriquest Mortg. Co.*, 406 F.Supp.2d 1176, 1183 (D. Or. 2005). The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008). The Ninth Circuit Court of Appeals noted in *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003):

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed.

Mr. Crittenden's loan transaction closed on March 27, 2007. Mr. Crittenden filed his original complaint more than two years thereafter to render his TILA damages claim time barred.

Defendants note that Mr. Crittenden asserts a defensive TILA damages claim. The TILA damages claim alleges acts "in contravention of TILA . . . all of which may also be asserted affirmatively and defensively." Defendants note that Mr. Crittenden attempts to circumvent the one-year limitations period by invoking 15 U.S.C. § 1640(e), which provides: "This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." Defendants argue that a debtor's damages action to respond to non-judicial foreclosure does not constitute a defensive action of recoupment or setoff to avoid the 15 U.S.C. § 1640(e) exemption.

"TILA makes recoupment available only as a 'defense' in an 'action to collect a debt,'" and "non-judicial foreclosures are not 'actions' as contemplated by TILA." *Ortiz v. Accredited Home Lenders, Inc.*, 2009 WL 2058784, *4 (S.D. Cal. 2009). A lender's "choice" of non-judicial foreclosure "effectively denies Plaintiffs the opportunity to assert a recoupment defense." *Ortiz*, 2009 WL 2058784, *5. Recoupment does not permit the party asserting it "to present otherwise time-barred claims simply by creative pleading in an independent proceeding brought by it." *Algrant v. Evergreen Valley Nurseries*

7

*Ltd. Partnership*, 126 F.3d 178, 184 (3rd Cir. 1997).

Mr. Crittenden's attempt to plead recoupment does not revive his time-barred TILA damages claim. The non-judicial foreclosure does not transform the TILA damages claim into a defensive action for recoupment or setoff. Mr. Crittenden is unable to circumvent the one-year limitations period to warrant dismissal of the TILA damages claim.

### **FDCPA Claim**

The FAC's third claim attempts to allege violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. The FDCPA claim names only Barclays Bank as a defendant and alleges FDCPA violations of:

1. Not providing a validation notice under 15 U.S.C. § 1692e(11);
2. Using false and misleading representations or deceptive means to collect or attempt to collect a debt to violate 15 U.S.C. §§ 1692e and 1692e(10); and
3. Using unfair or unconscionable means to collect or attempt to collect a debt to violate 15 U.S.C. § 1692f.

Defendants argue that the FDCPA claim fails in that Barclays Bank is not a debt collector subject to FDCPA liability.

#### *Debt Collection*

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. 1962a(6)(F). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208.

Moreover, "foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.

Or. 2002). As the fellow district court in *Hulse*, 195 F.Supp.2d at 1204, explained:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.
>
> . . . Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

Foreclosure on the DOT does not subject defendants to the FAC's FDCPA claim, which fails as a matter of law to warrant its dismissal.

### *Insufficient Pleading*

Defendants further attack the FDCPA claim as insufficiently pled to satisfy F.R.Civ.P. 8. Defendants argue that the FAC lacks facts to support the FDCPA claims' allegations and that the FDCPA claim is "a mere recitation of the elements."

Defendants are correct. The FAC merely recites FDCPA elements without supporting facts to further warrant dismissal of the FDCPA claim.

Defendants attack the FDCPA claim's failure to meet the heightened particularity standard to support an allegation of "use of false or misleading misrepresentations or deceptive means."

F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[4] In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a

---

[4] F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original)).

9

short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Civ.P. 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp.

1427, 1433 (N.D. Ca. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

"[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.

The FAC is severely lacking and fails to satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements as to purported fraud or deception. The FAC makes no effort to allege specific misrepresentations or names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. The

FAC lumps all defendants without differentiating them. The FAC fails to meet particularity requirements or fraud elements. The bare bones fraud and deception allegation does not target particular defendants or individuals and the FAC's global approach is unsatisfactory. The FDCPA claim's deficiencies are so severe to suggest no potential improvement from an attempt to amend.

## UCL Claim

The FAC's fourth claim alleges that defendants' "business acts and practices" constitute "unlawful," "unfair" and "fraudulent" business practices to violate California's Unfair Competition Law ("UCL"), California Business and Professions Code, §§ 17200, et seq. The UCL references TILA and FDCPA violations to attempt to invoke UCL relief.

Defendants argue that the UCL claim fails with failure of the underlying federal statutory claims.

### *Failure Of Predicate Claims*

The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999). According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins. Exchange v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487 (1992).

"Unfair" under the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548 (1999).

"The California Supreme Court has held that 'something more than a single transaction,' either on-going wrongful business conduct or a pattern of wrongful business conduct, must be alleged in order to state a cause of action under the Unfair Business Practices Act." *Newman v. Checkrite California*, 912 F.Supp. 1354, 1375 (E.D. Ca. 1995).

California Business and Professions Code section 17204 limits standing to bring a UCL claim to specified public officials and a private person "who has suffered injury in fact and has lost money or property as a result of the unfair competition."

Defendants are correct that failure of Mr. Crittenden's predicate federal statutory claims dooms

his UCL claim.

### *Federal Preemption*

Moreover, the UCL is subject to federal preemption.

"[B]ecause there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable." *Bank of America v. City and County of S.F.*, 309 F.3d 551, 559 (9th Cir. 2002), *cert. denied*, 538 U.S. 1069, 123 S.Ct. 2220 (2003). In *Silvas v. E*Trade Mortgage Corp.,* 421 F.Supp.2d 1315 (S.D. Cal. 2006), *aff'd*, 514 F.3d 1001 (9th Cir. 2008), a fellow district court held that the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq., preempted claims under the UCL if the UCL claims were predicated on TILA. *See Reyes v. Downey Saving & Loan Ass'n*, 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008). The court reasoned that "when federal law preempts a field, it does not leave room for the states to supplement it." *Silvas*, 421 F.Supp.2d at 1319 (citing *Rice v. Santa Fe Elev. Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). The Ninth Circuit affirmed the district court and held that plaintiff's UCL claims were preempted. *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d at 1006.

States may not avoid preemption by adopting federal laws and adding supplemental remedies. *Reyes*, 541 F.Supp.2d at 1115; *see Public Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACOR, Inc.*, 379 F.3d 641, 648-49 (9th Cir.2004). "Plaintiffs' use of the UCL as predicated on TILA is preempted." *Reyes*, 541 F.Supp.2d at 1115; *see Nava v. Virtual Bank*, 2008 WL 2873406, at *7 (E.D. Cal. 2008) ("[F]or the same reason that plaintiff's UCL claim based on unfair or fraudulent business practices is preempted by federal law, plaintiff's UCL claim based on violation of TILA is also preempted. Moreover, plaintiff's UCL claim based on violation of TILA is also preempted by federal law since its application would supplement TILA by changing TILA's framework.")

The UCL claim is tied to TILA and FDCPA to render the UCL claim preempted. Mr. Crittenden is unable to avoid preemption in the guise of an UCL claim, especially given the vague, conclusory allegations of unfair practices.

In addition, since Mr. Crittenden's TILA damages claim is time barred, the UCL claim based on federal statutory violations likewise fails. "A court may not allow plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.' " *Chabner v. United*

13

*of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.2000); *see Rubio v. Capital One Bank (USA)*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008) (since plaintiff's TILA claim failed, plaintiff's UCL claim predicated on TILA likewise failed). The time bar of Mr. Crittenden's federal statutory claims bolsters dismissal of his UCL claim to prevent circumvention of federal statutory limitations periods.

Lastly, the conclusory UCL claim fails to satisfy F.R.Civ.P. 8 and 9 requirements. The claim's mere recitation of UCL elements without identifying specific conduct renders the UCL insufficiently pled. The insufficient pleading of the UCL claim further warrants its dismissal.

**Attempt At Amendment And Malice**

Mr. Crittenden's claims are insufficiently pled and barred as a matter of law. Mr. Crittenden is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is concerned that Mr. Crittenden has brought this action in absence of good faith and that Mr. Crittenden exploits the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against defendants;
2. DIRECTS the clerk to enter judgment against plaintiff Rodney Crittenden and in favor of defendants Barclays Capital Real Estate Inc. dba HomEq Servicing, Barclays Bank, PLC, and EquiFirst Corporation; and
3. FURTHER DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:    September 28, 2009              /s/ Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE